In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00306-CR
_____

**RAYMUNDO BERMUDEZ, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. 14-18677

**MEMORANDUM OPINION**

Raymundo Bermudez appeals his conviction for assaulting a public servant, a third-degree felony.[1] After filing the notice of appeal, the trial court appointed an attorney to represent Bermudez in his appeal. The attorney discharged his responsibilities to Bermudez by filing and *Anders*

---

[1] *See* Tex. Penal Code Ann. § 22.01(b)(1).

brief.[2] In the brief, Bermudez's attorney represents there are no arguable reversible errors to be addressed in Bermudez's appeal.[3] The brief the attorney filed contains a professional evaluation of the record. In the brief, Bermudez's attorney explains why, under the record in Bermudez's case, no arguable issues exist to reverse the trial court's judgment.[4] Bermudez's attorney also represented that he sent Bermudez a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Bermudez, by letter, that he could file a pro se brief or response with the Court on or before March 21, 2022. Bermudez, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal.[5] After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).
[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Id.*
[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

grounds to support the appeal. Thus, it follows the appeal is frivolous.[6]

For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[7]

The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 14, 2022
Opinion Delivered September 28, 2022
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[7]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Bermudez may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.